UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARVEY MERRIWEATHER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 09-2453 (CKK) |
| HARLEY LAPPIN et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on the defendants' motion to dismiss the complaint and plaintiff's motions for reconsideration of a prior order, for appointed counsel, and for discovery. The complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted, and all other pending motions will be denied as moot.

## BACKGROUND

The plaintiff, Harvey Merriweather, is a 67-year-old federal prisoner currently incarcerated at the United States Penitentiary in McCreary, Kentucky ("USP McCreary"), serving a 120-month sentence for bank robbery imposed in 2001; he is due to be released in April 2011. Defs.' Mot. to Dismiss at 1-2 & Ex. 1. Proceeding in forma pauperis and pro se, Merriweather filed this *Bivens* action[1] for compensatory and punitive damages in the amount of $5 million. Compl. at 5. Merriweather alleges that he was diagnosed in 1998 with hepatitis C while he was incarcerated at the Federal Correctional Institution ("FCI") Sheraton, and that he was not treated for the disease between 1998 and 2002. Compl. ¶¶ 7-9. He also alleges that after a liver biopsy

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (determining that there is an implied right of action against federal officials in their personal capacities for certain constitutional deprivations).

in 2008, two doctors at two different federal prison facilities recommended that he receive treatment. *Id.* ¶¶ 10-11. The complaint does not identify, in either specific or general terms, the treatment recommended by either doctor. After being transferred in October 2009 to USP McCreary, Merriweather allegedly requested treatment for hepatitis C, and his request was denied. *Id.* ¶ 12. Merriweather alleges that the denial of treatment shows deliberate indifference to his serious medical needs, and he asserts Eighth Amendment claims against three defendants in their personal capacities only: (*i*) Harley G. Lappin, the Director of the Federal Bureau of Prisons, (*ii*) Eric Wilson, Warden at USP McCreary, and (*iii*) Lisa Gregory, Health Administrator at USP McCreary. *Id.* ¶¶ 4-6.

With his complaint, Merriweather filed a motion for a preliminary injunction, which was denied without prejudice. Thereafter, Merriweather filed a second motion identical to the first one, asserting that he "faces an immediate threat to his health" because "[f]or over 11 years the defendants have denied the plaintiff medical care treatment for Hepatitis C." The motion was again denied without prejudice, because Merriweather's motion relied on conclusory statements and he had not pled facts sufficient to provide the Court with a "basis on which to conclude that [he] will suffer irreparable harm or that he is likely to prevail on the merits of the underlying claim." Order (Jan. 21, 2010).

The defendants have moved to dismiss the complaint, arguing that this Court does not have personal jurisdiction over Wilson or Gregory, that venue in this Court is improper, that the defendants have not been served in their personal capacities, that Merriweather did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that Merriweather has not and cannot state an Eighth Amendment claim upon

which relief may be granted against these three defendants, and that each of the three defendants is entitled to qualified immunity. *See* Defs.' Mot. to Dismiss at 4-14. Merriweather has filed an opposition, alleging, among other things, that "Gregory knowingly disregard[ed] plaintiff['s] formal resolution [sic] for medical care treatment for the disease. Defendant Wilson [was] personally involved in the deprivation of the plaintiff['s] rights when he was put on notice of the deprivation." Opp'n at 8. Merriweather has also filed a motion for discovery.

DISCUSSION

A pro se complaint, "however inartfully pleaded," must be accorded a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Nonetheless, to survive a motion to dismiss, a complaint must allege "enough facts to state a claim for relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and to show that the pleader is entitled to relief, *id.* at 557. A court is obligated to construe the factual allegations in a complaint in the light most favorable to the plaintiff, including reasonable inferences derived from the factual allegations. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004). A court's favorable construction does not extend, however, to inferences or to conclusory allegations that are unsupported by the facts in the complaint. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

An Eighth Amendment claim for inadequate medical care requires a showing of a substantial risk of serious harm, a deliberate indifference to that risk by the defendants, and a causal connection. *See Farmer v. Brennan*, 511 U.S. 825, 827 (1994). As a threshold matter, Merriweather has not alleged facts to support a reasonable inference that he faces any substantial risk of serious harm if he is not treated. Rather, he merely alleges generally that hepatitis C can

lead to serious injury, an undeniable contention. He does not allege facts that establish that his hepatitis C infection is such that he now faces a substantial risk of serious harm if untreated, or that his infection has caused him to experience ill effects or any symptoms at all. For this reason alone, his Eighth Amendment claims fail.

The claims must fail for another reason, as well. An Eighth Amendment claim against a defendant who was not personally involved in an alleged constitutional deprivation warrants dismissal for failure to state a claim upon which relief may be granted. "Absent allegations concerning personal involvement by [the defendants, the] Eighth Amendment claims against them are nothing more than an allegation of respondeat superior, which is not cognizable in a *Bivens* action." *Risley v. Hawk,* 108 F.3d 1396 (D.C. Cir. 1997) (per curiam) (citing *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1983)). Merriweather's complaint does not allege facts to support a reasonable inference that any of the defendants were personally and directly involved in denying a medical recommendation to provide him with treatment. It does not allege that any doctor at USP McCreary has recommended treatment for Merriweather's hepatitis C condition, or that any of the defendants personally reviewed and denied any recommendation by any doctor that Merriweather should receive treatment for hepatitis C. It conclusorily alleges that Lappin "knew" and was "on notice" by Doctors Quinn and Allen regarding the unspecified treatment recommendation. Compl. ¶ 14.[2] In the absence of more specific fact-based allegations establishing how Lappin allegedly "knew" of the alleged treatment recommendations, and his personal involvement in denying medically recommended treatment, such vague and conclusory

---

[2] It is not clear whether "doctor Allen," *id.*, is the same doctor who allegedly made a treatment recommendation in 2008, "doctor M. Aslam," *id.* ¶ 10.

allegations do not "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

Accordingly, Merriweather's Eighth Amendment claims will be dismissed for failure to state a claim upon which relief may be granted. Additionally, the Court notes that the claims against defendants Gregory and Wilson are also subject to dismissal because this Court lacks personal jurisdiction over them, and that the complaint is subject to dismissal because venue in this district is improper under 28 U.S.C. § 1391(b).[3] Nonetheless, because these defects are curable, and because it is conceivable that Merriweather could state a claim upon which relief may be granted arising from this nucleus of facts, the dismissal will be without prejudice.

A separate order accompanies this memorandum opinion.

Date: May 11, 2010

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[3] Because the factual record is in dispute and evolving, the Court expressly declines to make a determination regarding Merriweather's alleged failure to exhaust his administrative remedies. Because the record is insufficiently developed, the Court expressly declines to address the defendants' claim of entitlement to qualified immunity.